IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ESTATE OF AMY SANDERS,

    Plaintiff,

v.                                                                              No. 1:14-cv-01239-JDB-egb

LAMAR JONES,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

Plaintiff, Amy Sanders, filed this action on September 16, 2014 seeking damages from Defendant, Lamar Jones, a police officer with the Decatur County, Tennessee Sherriff's Department, and others arising from Jones' arrest of Sanders in 2013. (Docket Entry ("D.E.") 1.) Before the Court is Jones' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (D.E. 71.) Plaintiff has responded to the motion, (D.E. 72), and Defendant submitted a reply, (D.E. 73.)

### I. BACKGROUND

This protracted lawsuit, which has witnessed numerous procedural twists and legal turns, has been considered at every level of the federal court system over its four-year lifespan. Because of its present procedural posture, the Court will briefly set forth the facts as characterized by Sanders in her complaint, along with subsequent events:

On May 22, 2013, officers of the 24th Judicial Task Force, including Jones, utilized a confidential informant and initiated a controlled drug buy from Sanders using a phone number allegedly assigned to the Plaintiff. The event was captured on video. (D.E. 1 at ¶ 6–8.)

1

Although the video did not show Sanders' involvement due to its poor quality, the written report of the exchange erroneously attributed the drug seller's phone number and car as belonging to Plaintiff. (*Id.* at ¶ 8, 12–13.) Despite her lack of involvement in the purchase, Sanders was indicted for criminal conduct related to the incident. (*Id.* at ¶ 11.) After the grand jury returned a true bill in reliance on the inaccurate statements, Plaintiff was forced to post bail and hire counsel to defend the charges, which were ultimately dismissed. (*Id.* at ¶ 18, 20.)

Sanders sued Jones in this Court for damages based upon claims of false arrest, false imprisonment, and malicious prosecution, under 42 U.S.C. § 1983, as well as related state law causes of action. (*Id.* at ¶ 24–41.) All allegations were subsequently dismissed by the Court except the § 1983 malicious prosecution claim, which was based on a violation of the Fourth Amendment. (D.E. 33.) On interlocutory appeal, the Sixth Circuit reversed this Court's denial of summary judgment on the remaining claim. *Sanders v. Jones*, 845 F.3d 721 (6th Cir. 2017). However, that determination was vacated by the United States Supreme Court, based on its decision in *Manuel v. Joliet*, 137 S. Ct. 911 (2017), which remanded the case to the Sixth Circuit. *Sanders v. Jones*, 138 S. Ct. 640 (mem.) (2018). In turn, the Sixth Circuit, determining that it lacked interlocutory jurisdiction, returned the case back to this Court for further proceedings. *Sanders v. Jones*, 728 F. App'x 563 (6th Cir. 2018).

On April 18, 2018, the Court directed the parties to undergo mediation, (D.E. 60), and when the settlement conference was undertaken, the parties learned that Sanders had died. (D.E. 62.) Jones filed a suggestion of death, (D.E. 63), and on August 14, 2018, the Court granted the motion of Sanders' administratrix to substitute the Estate of Amy Sanders as the Plaintiff, (D.E. 66). During a subsequent status conference, the Court requested briefing by the parties on the issue of whether, under Tennessee law, the § 1983 malicious prosecution claim abated upon the

death of Sanders. (D.E. 70.) Thereafter, Jones moved to dismiss the lawsuit, to which Plaintiff responded.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). In determining whether dismissal under the Rule is appropriate, "[t]he complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [her] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)). However, the Court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson Cty., Tennessee*, 814 F.2d 277, 279 (6th Cir.1987)). In this case, the Defendant maintains that the deceased's federal claim does not survive her death.

## III. ANALYSIS

Title 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 665 F.3d 556, 562 (6th Cir. 2011)).

Although federal law determines whether a federal claim survives upon the death of a party, claims under § 1983 are silent on the issue of survivorship. Thus, in accordance with 42 U.S.C. § 1988, whether a § 1983 action abates at the death of a party is determined by the law of the forum state, as long as that law is not "inconsistent with the federal policy underlying the cause of action under consideration."[1] *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978) (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465 (1975)).

Tennessee law allows for the survival of all civil actions upon the death of either party "except actions for wrongs affecting the character of the plaintiff." Tenn. Code Ann. § 20-5-102. In 1874, the Tennessee Supreme Court interpreted this exception to survivorship as encompassing a claim for common law malicious prosecution because a plaintiff's "reputation or character, in contemplation of law, was affected by the wrongs complained of in the declaration," and thus, the action abated upon the death of the defendant. *Bolin v. Stewart*, 66 Tenn. 298, 300 (1874).[2]

---

[1] The federal policy for § 1983 cases includes: "(1) compensation of persons for injuries caused by deprivations of their federal rights and (2) deterrence of deprivation of rights." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 600 (6th Cir. 2006) (citing *Robertson*, 436 U.S. at 590–91). The application of §1988 to § 1983 actions is not at issue in this case.

[2] The Tennessee Supreme Court has not had occasion to revisit this decision, however, its holding does not appear to be an aberration. Several states do not permit the survivability for actions against character and their statutes have either expressly excepted malicious prosecution or the state courts have read these statutes to exclude it. *E.g.*, Haw. Rev. Stat. § 663-7 ("A cause

4

Although *Bolin* may appear to resolve the question of survivorship on the claim herein, the Sixth Circuit has recently weighed in on the issue of § 1983 actions and their interaction with state survivorship statutes. In *Crabbs v. Scott*, 880 F.3d 292 (6th Cir. 2018), the Court characterized all § 1983 actions as claims for personal injury, which in Ohio as in Tennessee, do not abate upon the death of one of the parties to the litigation. *See* Ohio Rev. Code § 2305.21 ("[C]auses of action for . . . injuries to the person . . . shall survive; and . . . may be brought notwithstanding the death [of either party]."); Tenn. Code Ann. § 20-5-102 ("No civil action commenced . . . shall abate by the death of either party, but may be revived . . . ."); *Can Do, Inc. Pension and Profit Sharing Plan and Successor Plans v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865, 867 (Tenn. 1996) ("[C]laims for personal injuries survive . . . .")

### A. Pre-*Crabbs* Application of Survivorship Statutes to § 1983

The application of state survival statutes to § 1983 cases has not always been clear. Perhaps this is because many were drafted before[3] the emergence of § 1983 civil rights litigation, which despite being passed in 1871, "languished in relative obscurity until 1961, when the Supreme Court decided *Monroe v. Pape*[, 365 U.S. 167 (1961)]." *Kaminski v. Coulter*, 865 F.3d 339, 345–46 (6th Cir. 2017) ("*Monroe* opened the gates for § 1983 litigants, transforming the

---

of action arising out of a wrongful act, neglect, or default, except a cause of action for . . . malicious prosecution, shall not be extinguished by reason of the death of the injured person."); Ohio Rev. Code § 2311.21 ("Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, . . . which shall abate by the death of either party."); Okla. Stat. tit. 12 § 1052 ("No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander or malicious prosecution, which shall abate by the death of the defendant."); *Brown v. Bailey*, 54 S.E.2d 769, 776–77 (S.C. 1949) (interpreting South Carolina's survivorship statute, now codified as S.C. Code Ann. § 15-5-90, to exclude malicious prosecution).

[3] Tennessee's, for example, was drafted in 1836 and has only been altered once since. Tenn. Code Ann. § 20-5-102; *see also, e.g.*, Ala. Code § 6-5-462 (enacted in 1852); Ky. Rev. Stat. § 411.140 (enacted in 1942); S.C. Code Ann. § 15-5-90 (enacted in 1905).

little-used statute into a powerful tool for checking abuses by state officials."). Thus, the survivorship statutes' drafters may not have contemplated their application to such federal causes of action. To rectify this uncertainty, many of the circuit courts of appeals have attempted to insert § 1983 actions into the forum state's survivorship statute by analogizing the character of the claim at issue to its most closely-related common law counterpart. *See*, *e.g.*, *Brown v. Town of Cary*, 706 F.3d 294, 300 (4th Cir. 2013) ("Analogizing [the plaintiff's] federal civil rights claim to a corresponding action under North Carolina law, we are satisfied that the claim would survive under that statute."), *abrogation on other grounds recognized by Cent. Radio Co. v. City of Norfolk, Va.*, 811 F.3d 625 (4th Cir. 2016); *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (finding a § 1983 malicious prosecution action abated upon the death of the plaintiff where the state survival statute excepted malicious prosecution claims); *Caine v. Hardy*, 943 F.2d 1406, 1410–11 (5th Cir. 1991) (concluding that a § 1983 procedural due process case would not abate under Mississippi law because it was more akin to a wrongful discharge claim and thus "personal" within the meaning of the statute); *Parkerson v. Carrouth*, 782 F.2d 1449, 1451–53 (8th Cir. 1986) (affirming the district court's application of Arkansas's state survivorship statute, which causes a common law malicious prosecution claim to abate, to a § 1983 malicious prosecution action).

### B. *The Significance of* Crabbs

In *Crabbs*, the Court concluded that all § 1983 actions "are best characterized as personal injury actions." 880 F.3d at 295 (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Following the holding of the Seventh Circuit in *Bennett v. Tucker*, 827 F.2d 63 (7th Cir. 1987), the Sixth Circuit grafted the reasoning of the Supreme Court's opinion in *Wilson*—which dealt with the parallel issue of applying state statutes of limitation to § 1983 actions—onto the survivorship

question, finding that "it would be 'anomalous' to draw a distinction between survivorship statutes and statutes of limitation." *Id.* (quoting *Bennett*, 827 F.2d at 67–68.) The Court's distillation of *Wilson* generated three premises upon which it relied in its decision. "First, the characterization of § 1983 as a cause of action is itself a question of federal law." *Id.* at 294 (citing *Wilson*, 471 U.S. at 269–70). "Second, all § 1983 claims must be characterized in the same way." *Id.* (citing *Wilson*, 471 U.S. 271–75.) This, the Court reasoned, is because not all § 1983 claims had state law equivalents. *Id.* Thus, a uniform classification would avoid "uncertainty and time-consuming litigation." *Id.* at 295 (citing *Wilson*, 471 U.S. at 272–73). "Third, § 1983 actions are best characterized as personal injury actions," because "the evils that Congress addressed in the Civil Rights Act of 1871 sounded in tort and are most analogous in the main to tort actions." *Id.* (citing *Wilson*, 471 U.S. at 277, 280). By adopting this reasoning, the Sixth Circuit impliedly rejected the methodology employed by other courts.

Applying this reasoning to the Fourth Amendment case before it, the Sixth Circuit held that Ohio's survivorship statute allowed the plaintiff's case to go forward. *Id.* In reaching this conclusion, the Court only referenced Ohio Rev. Code § 2305.21, which provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

However, it did not consider the effect of Ohio Rev. Code § 2311.21, which reads:

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

7

Thus, arguably, as in Tennessee, state law claims for malicious prosecution in Ohio may indeed abate upon the death of either party. The *Crabbs* holding did not disturb the abatement of these purely state causes of action.

Applying the Sixth Circuit's reasoning to Plaintiff's case, Sanders' action for malicious prosecution under § 1983, which under *Crabbs* is characterized as a personal injury claim, survives the death of the Plaintiff. Accordingly, Defendant's arguments fail and his motion to dismiss is DENIED.

IT IS SO ORDERED this 24th day of January 2019.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE